ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**F. JEFFREY MILLER,** )<br>**TODD EARNSHAW,** )<br>**BRIAN ROUSE,** )<br>**PAUL E. NICOLACE,** )<br>**ANGELA PARENZA,** )<br>**ELIZABETH L. HESSEL,** )<br>**JAMES MOSER,** )<br>**STEVE MIDDLETON, and** )<br>**LANNY ROSS,** )<br>)<br>**Defendants.** )<br>_____) | Case No. 06-40068-JAR |

## MEMORANDUM ORDER AND OPINION CONDITIONALLY GRANTING MOTION FOR RECUSAL

This matter comes before the Court on defendant Paul E. Nicolace's Motion for Recusal (Doc. 104). On May 17, 2006, a federal grand jury returned a sixty-count Indictment charging Mr. Nicolace and the eight defendants named above with conspiracy, bank fraud, money laundering and forfeiture. Specifically, Mr. Nicolace is charged with one count of conspiracy and seven counts of bank fraud. The Court held a status conference in this case on July 17, 2006. At that hearing, the undersigned Judge informed the parties that when she was an Assistant United States Attorney, she had prosecuted Mr. Nicolace's brother for drug charges. The Court again held a status conference on September 25, 2006. At that hearing, Mr. Nicolace asked the Court to recuse. The government objected to the request and asked for additional time to brief the issue. The parties have fully briefed the motion, and the Court is now prepared to

rule.  For the reasons set forth below, the Court conditionally grants Mr. Nicolace's motion for recusal.

### *Recusal*

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A trial judge "must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[1]  When applying § 455(a), "the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."[2]  "'The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'"[3]  If there is a "close question" as to whether disqualification is appropriate, the judge must recuse.[4]

"On the other hand, a judge also has 'as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require.'"[5]  "The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."[6]  The court's determination as to whether recusal is required is "'extremely fact driven.'"[7]  Further, the decision to recuse is

---

[1] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)).

[2] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

[3] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).

[4] *Bryce*, 289 F.3d at 659 (citing *Nichols*, 71 F.3d at 352).

[5] *Id.* (quoting *Nichols*, 71 F.3d at 351).

[6] *Id.* at 659–60 (citing *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000)).

[7] *Id.* at 660 (quoting *Nichols*, 71 F.3d at 352).

committed to the sound discretion of the court.[8]

In this case, the Court finds that recusal is appropriate. At the first hearing in this case, the undersigned judge informed the parties that she had previously prosecuted Mr. Nicolace's brother in order to assure fairness throughout the proceedings. The Court is certain that it would preside over this case with impartiality and fairness if it did not recuse; however, the Court recognizes there may be an appearance of impartiality based on the previous connection with Mr. Nicolace's brother and the knowledge that the Court gained from this relationship. For that reason, the Court finds it appropriate to recuse in this case. Therefore, the Court, in the exercise of its discretion and to avoid any appearance of impropriety, therefore grants the motion for recusal pursuant to § 455(a).

### *Severance as an Alternative Remedy*

As an alternative to the Court's recusal from this case, the government asks to sever Mr. Nicolace's prosecution from the remaining defendants. For the reasons below, the Court finds that such a remedy would be inappropriate, and denies the government's request.

Federal Rule of Criminal Procedure 8(b) provides that an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has declared that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."[9] According to the Supreme Court, joint trials "promote efficiency and 'serve

---

[8]*Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).

[9]*Zafiro v. United States*, 506 U.S. 534, 537 (1993).

the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[10]

However, Federal Rule of Criminal Procedure 14(a) recognizes that joinder under Rule 8(b) may cause prejudice to the government or defendants.[11]  Under that rule, if the defendants' joinder in the indictment appears to prejudice a defendant or the government, the court may sever the defendants' trial or provide any other relief that justice requires.  The Supreme Court "believe[s] that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[12]  The determination of the risk of prejudice and any remedy that may be necessary is committed to the sound discretion of the court.[13]

A review of relevant case law shows that courts are more typically presented with a motion for severance by a defendant.  After the government decides to indict defendants jointly under Rule 8(b), a defendant will move for severance under Rule 14.  In contrast, the government, in this case, is asking to sever Mr. Nicolace from the co-defendants even though the government chose to indict these nine individuals jointly under Rule 8(b).  The government does not argue it would suffer prejudice by the joinder, as contemplated by Rule 14, but instead argues that severance would disrupt the progress of this case.[14]  The government expresses concern that if the Court denies severance and reassigns the case after recusal, that ruling will

---

[10]*Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

[11]*Id.*

[12]*Id.* at 539.

[13]*Id.* at 541.

[14](Doc. 101 at 6.)

change the dynamics of the scheduled changes of plea and any future dispositions prior to trial. At a hearing on October 16, 2006, defendants Angela Parenza and Elizabeth Hessel entered guilty pleas, and therefore, changing the dynamics of their pleas is no longer a concern. Further, the Court does not understand how reassignment of this case to another judge in this district would disrupt any future dispositions prior to trial. This case has been designated as a complex case under 18 U.S.C. § 3161(h)(8)(B)(ii), allowing the parties the necessary time to effectively prepare for the pretrial and trial proceedings in this case. The Court's reassignment of this case, rather than severance of Mr. Nicolace, will not disrupt the future proceedings in this action. Because the government has not shown that the joinder appears to prejudice a defendant or the government sufficient to require severance, the Court denies the government's request for severance as an alternative remedy to recusal. Further, the Court finds that in the interests of judicial economy and efficiency, severance would not be appropriate in this case.

Additionally, the Court notes that "'[i]n the context of conspiracy, severance will rarely, if ever, be required.'"[15] In a conspiracy case, joint trials "'reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague' and provide 'the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'"[16] Because this case includes conspiracy charges against the defendants, the Court finds that this is an additional reason that severance should not be granted.

### *Dismissal as an Alternative Remedy*

As an another alternative to the Court's recusal from this case, the government asks to

---

[15]*United States v. Ramos*, 839 F. Supp. 781, 785 (D. Kan. 1993) (quoting *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993)).

[16]*Id.* (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir. 1987)).

dismiss the Indictment against Mr. Nicolace without prejudice. The Court finds this remedy to be appropriate as the dismissal will remove the appearance of impartiality in this case. Therefore, the Court will allow the government seven (7) days to dismiss the Indictment against Mr. Nicolace; otherwise, the Court will recuse in this action.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Paul E. Nicolace's Motion for Recusal (Doc. 104) is **GRANTED**, unless on or before seven (7) days from this Order, the government dismisses the Indictment against Mr. Nicolace. In the event the government dismisses the Indictment against Mr. Nicolace, the Motion for Recusal is denied as moot.

**IT IS SO ORDERED**.

Dated this  18th  day of October 2006.

                                         S/ Julie A. Robinson
                                         Julie A. Robinson
                                         United States District Judge